### POUCHER v. FABER.

(Supreme Court, Appellate Term. March 21, 1905.)

STENOGRAPHER'S FEES—REFERENCE.

　　Plaintiff's assignor was employed as a stenographer in a reference under an agreement that his compensation should form a part of the referee's fees, and be taxed as such. The referee's fees were subsequently taxed at $300, and defendant, the referee, without consulting plaintiff's assignor, accepted $275 in full payment thereof, and sent plaintiff's assignor a check for $50 in payment for his services, which was returned, and demand made for $183.37. There was evidence that the value of the services of plaintiff's assignor was $183.37, and that defendant's statutory fees for the time spent in taking testimony were $90. *Held* that, as defendant failed to disclose how he arrived at the amount taxed or accepted as the combined fees, plaintiff should recover.

　　Blanchard, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles Poucher against Leander B. Faber. From the judgment for plaintiff, defendant appeals. Affirmed.

See 90 N. Y. Supp. 385.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Monfort & Faber (John H. Corwin, of counsel), for appellant.

Wales F. Severance (James, Schell & Elkus, Joseph M. Proskauer, and Bernard M. L. Ernst, of counsel), for respondent.

SCOTT, J. Notwithstanding the reversal of a former judgment upon what is said to be very nearly the same evidence as is now presented, I find myself unable to agree to a reversal of this judgment. The defendant is a lawyer, and was appointed referee in an action pending in this court. The plaintiff's assignor was a stenographer and typewriter employed on a salary by the firm of which defendant was a member. At the first hearing of the reference, and in defendant's presence, a stipulation between the parties was made, and entered on the minutes, by which plaintiff's assignor was employed as stenographer to report and transcribe the testimony given

on the reference, and to furnish two copies thereof. It was further stipulated that "his compensation form a part of the referee's fees and be taxable as such." It is not suggested that plaintiff's assignor did not faithfully perform the work he was employed to do. At the conclusion of the reference the sum of $300 was taxed, in bulk, as "referee's and stenographer's" fees. The referee subsequently, for some reason not disclosed, accepted $275 for the referee's and stenographer's fees. It does not appear that the plaintiff's assignor had anything to do with the taxation, or was in any way responsible for lumping together the referee's and stenographer's fees, or that he was consulted concerning the reduction from $300 to $275. The only evidence as to the services rendered by the referee was that he held nine sessions at which evidence was taken. It is not disputed that the reasonable value of the work done by plaintiff's assignor was the amount here sued for. Upon receipt of the $275, defendant sent plaintiff's assignor a check for $50 "for services rendered by you after our office hours in transcribing stenographer's minutes." This check was refused and returned. That the defendant accepted the $275 with full knowledge and understanding that it included the fees of the stenographer cannot be doubted, and is established by his act in offering a check. I cannot accept the suggestion that the referee entertained the project of charging stenographer's fees, in addition to his referee's fees, and retaining them for his own benefit, or, what is the same thing, for the benefit of his firm, because the stenographer happened to be a salaried employé of the firm. This would be to accuse him of the same improper conduct that was so severely and justly condemned by the Appellate Division in this Department in Dickinson v. Earle, 63 App. Div. 134, 71 N. Y. Supp. 227. A much more rational inference from the facts, and the only one consistent with an honorable intent on the part of the defendant, is that, as a member of the firm, he consented that plaintiff's assignor should accept employment as stenographer in the case, and, to that extent, waived the firm's claim upon the time and services of their employé. I do not think that plaintiff should be left remediless because he is unable to peer into defendant's mind and ascertain just how he arrived at the sum of $300 for the combined referee's and stenographer's fees. The defendant must know how that sum was arrived at, but he has not chosen to tell. We do know, however, that the statutory fee for referees is $10 per day, that defendant was occupied nine days in taking testimony, and that the value of the services of plaintiff's assignor was $183.37. How many days the defendant was employed outside of taking testimony, he alone knows, and he has not told. Deducting from the $300 at which the referee's and stenographer's fees were taxed in bulk, the sum of $183.37, and the sum of $90 for the nine days actually occupied in taking testimony, there would be left $26.63. Ordinarily a case in which only nine days are consumed in taking evidence can be disposed of in two or three days. The plaintiff is not to suffer because the referee voluntarily accepted less than the taxed sum, because it does not appear that the stenographer was consulted with reference

to the reduction, or consented thereto. In my opinion, the plaintiff has done all that can fairly be asked of him, when he has shown the value of his assignor's services, the number of sessions of the reference, and the aggregate amount taxed as referee's and stenographer's fees, and the sum received by defendant. If there are circumstances which should reduce plaintiff's recovery, they are peculiarly within defendant's knowledge, and it is his duty to disclose them. It seems to me that it would be a great injustice to again reverse the judgment, which should be affirmed, with costs. The former judgment was reversed in part, at least, because of the exclusion of certain competent and relevant testimony. No such error appears in the present record.

Judgment affirmed, with costs.

O'GORMAN, J., concurs.

BLANCHARD, J. (dissenting). The plaintiff's assignor, Kochendorfer, was a stenographer in the employ of the defendant when the latter was the referee in a certain action. At the reference the following stipulation was entered into:

"It is stipulated by the parties hereto that John J. F. Kochendorfer be employed as stenographer herein, and that his compensation form a part of the referee's fees and be taxable as such."

Kochendorfer took the minutes at the reference. The defendant's bill for his fees as referee were thereafter taxed and paid, but no item for stenographer's fees was separately stated or taxed therein. This action is brought against the referee to recover the value of the stenographer's services at the reference.

The time of the plaintiff's assignor belonged to the referee, and his services as stenographer at the reference were paid for when he received his wages. The very terms of the stipulation above quoted indicate that the stenographer was not to be doubly compensated for his services, but that any compensation to which he might be entitled to from the parties to the action should be paid to his employer, the defendant. In no other way could the defendant have received the benefit of the stenographer's time to which he was entitled. It is not to be supposed that the defendant intended to make a present of this time either to the stenographer or to the parties to the action. If it is claimed that the stenographer worked overtime, that fact should have been proved at the trial, as well as the value thereof.

There is no evidence to sustain the judgment, and it should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.